**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EASTERN DIVISION**

| | |
|---|---|
| ELLISA NOELIA MONREAL,<br>on behalf of plaintiff and the class<br>members described below,<br><br>     Plaintiff,<br><br>  vs.<br><br>NCO FINANCIAL SYSTEMS, INC.,<br><br>     Defendant. | )<br>)<br>)<br>) Case No. 5:15-cv-151<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT  – CLASS ACTION

## INTRODUCTION

1. Plaintiff Ellisa Noelia Monreal brings this action to secure redress from unlawful credit and collection practices engaged in by defendant NCO Financial Systems, Inc. ("NCO"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because plaintiff received correspondence from NCO  in this District.

## PARTIES

4. Plaintiff Ellisa Noelia Monreal is an individual who resides in San Antonio, Texas.

5. Defendant NCO is a Pennsylvania corporation with its principal offices in Horsham, Pennsylvania.  It does business in Texas.  Its registered agent and office is CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201.

6. Defendant NCO  is engaged in the business of using the mails and telephone system to collect consumer debts originally owed to others.

7.     NCO  uses the mails and telephone system in connection with its business.

8.     Defendant NCO  is a debt collector as defined in the FDCPA.

## FACTS

9.     On or about September 11, 2014, defendant NCO  sent plaintiff the letter attached as Exhibit A through the United States Mail.

10.     Exhibit A seeks to collect a medical debt.

11.     Exhibit A states that "if you fail to resolve this collection account, we may report the account to all national credit bureaus."

12.     Subsequently, on or about October 12, 2014, defendant NCO sent plaintiff the letter attached as Exhibit B.

13.     Exhibit B states that "If you have applied for a loan, new job, credit card, insurance or an apartment, your credit bureau report may be reviewed.  Now is the time to improve your credit report."

14.     As of November 13, 2014, the debt had not been reported.

15.     A small medical debt is unlikely to affect the granting of credit.

## COUNT I  – FDCPA

16.     Plaintiff incorporates paragraphs 1-15.

17.     The statements regarding credit bureau reporting violated 15 U.S.C. §1692e, 1692e(2), 1692e(10).

## CLASS ALLEGATIONS

18.     Plaintiff brings this action on behalf of a class, pursuant to Fed.  R. Civ. P. 23(a) and (b)(3).

19.     The class consists of (a) all individuals with Texas addresses, (b) to whom NCO sent a letter seeking to collect a health care debt of $1,000 or less (c) in the form represented by Exhibit A or Exhibit B, (c) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

2

20.     The class is so numerous that joinder of all members is not practicable.  On information and belief, based on the use of a form letter, there are at least 40 members of the class.

21.     There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members.  The predominant common questions are whether Exhibits A-B are false or misleading.

22.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same common questions of law and fact.

23.     Plaintiff will fairly and adequately represent the class members.  Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

24.     A class action is superior for the fair and efficient adjudication of this matter, in that:

      a.     Individual actions are not economically feasible.

      b.     Members of the class are likely to be unaware of their rights;

      c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendants for:

      i.     Statutory damages;

      ii.     Attorney's fees, litigation expenses and costs of suit;

      iii.     Such other and further relief as the Court deems proper.


s/James O. Latturner
James O. Latturner

James O. Latturner
IL Bar No. 1588095
EDELMAN, COMBS, LATTURNER

3

     & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
Telephone: (312) 739-4200
Facsimile: (312) 419-0379
E-mail: courtecl@edcombs.com

Andrew T. Thomasson, Esq.
NJ Bar No. 048362011
THOMASSON LAW, LLC
101 Hudson Street, 21st Floor
Jersey City, New Jersey 07302
Telephone: (201) 479-9969
Facsimile: (855) 479-9969
E-mail: andrew@thomassonllc.com

## **NOTICE OF ASSIGNMENT**

        Please be advised that all rights relating to attorney's fees have been assigned to counsel.


                                     <u>s/James O. Latturner</u>
                                       James O. Latturner

James O. Latturner
IL Bar No. 1588095
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
Telephone: (312) 739-4200
Facsimile: (312) 419-0379
E-mail: courtecl@edcombs.com

Andrew T. Thomasson, Esq.
NJ Bar No. 048362011
THOMASSON LAW, LLC
101 Hudson Street, 21st Floor
Jersey City, New Jersey 07302
Telephone: (201) 479-9969
Facsimile: (855) 479-9969
E-mail: andrew@thomassonllc.com


T:\30559\Pleading\Complaint_Pleading.wpd

## <u>DOCUMENT PRESERVATION DEMAND</u>

     Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them.  These materials are likely very relevant to the litigation of this claim.  If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials.  This demand shall not narrow the scope of any independent document preservation duties of the defendant.


<u>s/James O. Latturner</u>
James O. Latturner